**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

In re:                                                  *

CC 1400 ALICEANNA STREET LLC,      *   Case No.:  25-12153-NVA

      Debtor.                                       *   Chapter 11

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY WHITEFORD, TAYLOR
& PRESTON L.L.P. AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION
EFFECTIVE AS OF THE PETITION DATE**

      CC 1400 Aliceanna Street LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession, files this *Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Attorneys for Debtor and Debtor-in-Possession Effective as of the Petition Date* (the "Application") and, in support thereof, states as follows:

**Jurisdiction and Venue**

      1.     The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules")*,* the Debtor consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

      2.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief sought in this Application is based upon sections 327(a), 328, 330, and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

## The Chapter 11 Case

4. On March 13, 2025 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No statutorily authorized creditors' committee has been appointed in this case by the United States Trustee.

## The Debtor and its Business Operations

6. The Debtor is a Maryland limited liability company with its corporate headquarters located in Baltimore, Maryland. The Debtor owns the property known as The Anne on Aliceanna located at 1400 Aliceanna Street, Baltimore, Maryland 21231 (the "Property"). Prior to the Petition Date, the Debtor was in the process of constructing a five-story building on the Property encompassing 100 apartment units and four (4) street-level retail spaces.

7. On or about January 6, 2022, First National Bank of Pennsylvania ("FNB"), as lender, and the Debtor, as borrower, entered into a Building Loan Agreement, pursuant to which FNB agreed to lend up to $31,250,000.00 to the Debtor pursuant to a Promissory Note. The obligations under the Promissory Note are secured pursuant to a Deed of Trust, Security Agreement, Assignment of Leases and Rents and Financing Statement (the "Deed of Trust") against the Property.

8. On or about December 13, 2024, FNB commenced an action in the Circuit Court for Baltimore City to foreclose on the Property pursuant to the Deed of Trust. A foreclosure sale

at a public auction was scheduled for March 14, 2025 at 11:00 a.m. in front of the Calvert Street Entrance of the Circuit Court for Baltimore, City, Clarence M. Mitchell Courthouse, located at 100 North Calvert Street, Baltimore, Maryland 21202.

9. On or about December 16, 2024, FNB commenced an action in the Circuit Court for Montgomery County to confess judgment against the Debtor and certain guarantors.

10. On January 3, 2025, the Circuit Court for Montgomery County entered an Order awarding judgment in favor of FNB and against the Debtor and certain guarantors, jointly and severally, in the amount of $28,772,962.58, plus pre-judgment interest at the contract default rate of 9.820930%, post-judgment interest at the legal rate of 10.0%, plus attorneys' fees in the amount of $47,401.60 and costs of the suit.

## The Need for Legal Services

11. The Debtor requires the assistance of counsel in order to pursue a successful reorganization and to assist the Debtor with the performance of its duties as a debtor and debtor-in-possession herein. The Debtor also requires counsel to, among other things, assist it in fulfilling its duties under State and Federal laws, advise the Debtor on the legal aspects of contracts, financings, and other business matters, and defend the Debtor in litigation and to prosecute litigation on its behalf. In short, the Debtor requires the full range of traditional business legal services as well as legal services unique to a bankruptcy reorganization.

## The Employment of Whiteford as Counsel to the Debtor

12. The Debtor has selected Whiteford, Taylor & Preston L.L.P. ("Whiteford") to represent it as a debtor and debtor-in-possession in this case because Whiteford has considerable experience in insolvency and bankruptcy matters, including representation of debtors in chapter 11 cases, both large and small. The Debtor has also selected Whiteford because the Debtor

believes that Whiteford is well qualified to represent the Debtor as a debtor and debtor-in-possession. The Debtor submits that the retention of Whiteford under the terms described herein is appropriate under sections 327, 328, and 1107 of the Bankruptcy Code.

### The Services to Be Rendered

13. The Debtor has retained Whiteford to assist it with, among other things, the preparation of its bankruptcy petition and all related documents and pleadings and, subject to approval from this Court, with the prosecution of this chapter 11 case.

14. The professional services that the Debtor may request Whiteford to render include:

    a. providing the Debtor legal advice with respect to its powers and duties as a debtor-in-possession and in the operation of its business;

    b. representing the Debtor in defense of any proceedings instituted to reclaim property or to obtain relief from the automatic stay under § 362(a) of the Bankruptcy Code;

    c. preparing any necessary applications, answers, orders, operating reports, and other legal papers, and appearing on the Debtor's behalf in proceedings instituted by or against the Debtor;

    d. assisting the Debtor with any sale of its assets under Section 363 of the Bankruptcy Code;

    e. assisting the Debtor in the preparation of schedules, statements of financial affairs, and any amendments thereto which the Debtor may be required to file in this case;

    f. assisting the Debtor in the preparation of a plan that complies with the Bankruptcy Code;

    g. prosecuting affirmative cases on behalf of the Debtor seeking the recovery of any assets;

    h. assisting the Debtor with other legal matters, including, among others, securities, corporate, real estate, tax, intellectual property, employee relations, general litigation, and bankruptcy legal work; and

      i.      performing all of the legal services for the Debtor which may be necessary or desirable in this bankruptcy case.

## The Standards for Approving Employment

15. Section 327(a) empowers the trustee, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 1107(a) provides that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter. 11 U.S.C. § 1107(a). Section 1107(b) provides that "a person is not disqualified for employment under Section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Whiteford satisfies these standards, as set forth below.

## Connections with Parties-in-Interest

16. To the best of the Debtor's knowledge, Whiteford has no connection with the Debtor, its creditors, or any other party-in-interest in this case, its respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described in the Verified Statement of Attorneys to be Employed by Debtor and Debtor-in-Possession (the "Verified Statement"), which is filed herewith as **Attachment A**.

## No Adverse Interest

17. The Verified Statement further indicates that Whiteford represents no interest adverse to the Debtor as a debtor-in-possession or to the Debtor's estate in the matters upon which Whiteford is to be engaged for the Debtor.

**Disinterested Person**

18.     Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that

>   (A) is not a creditor, an equity security holder, or an insider;
>   (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>   (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

19.     The Debtor submits that Whiteford is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code as evidenced by the Verified Statement.

**Compensation**

20.     Section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a). On or about March 4, 2025, Whiteford received a wire transfer in the amount of $25,000.00 from Harbor Management Group LLC, an affiliate of the Debtor (the "Retainer"). From the Retainer, Whiteford paid its fees in the amount of $19,548.00 and the filing fee for this case in the amount of $1,738.00.  Whiteford is presently holding the remaining balance of the Retainer in the amount of $3,714.00.  Whiteford will not draw from the Retainer until authorized to do so by order of the Court.

21.     Subject to this Court's approval, and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any rules or other procedures that may be fixed by this Court, the Debtor requests that Whiteford be compensated, on an hourly basis, for professional services rendered, plus reimbursement of actual and necessary expenses incurred by

Whiteford. In that regard, Whiteford will seek approval of compensation and reimbursement of expenses on a periodic basis in accordance with section 331 of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATE

25. As set forth above, Whiteford satisfies all the requirements for employment as attorneys for the Debtor under sections 327(a) and 1107 of the Bankruptcy Code.

26. The employment of Whiteford as attorneys for the Debtor is in the best interests of the Debtor's estate and is appropriate under 11 U.S.C. §§ 327 and 328.

## LOCAL RULE 9013-2 STATEMENT

27. Pursuant to Local Rule 9013-2, the Debtor will not be filing a separate memorandum with respect to this Application, but relies solely upon the grounds and authorities set forth in the Application.

WHEREFORE, the Debtor respectfully requests that the Court: (i) grant this Application and enter a form of Order with respect to same and (ii) grant the Debtor such other and further relief as this Court deems appropriate.

        CC 1400 ALICEANNA STREET, LLC

        By /s/ Brandon M. Chasen, Sr.
           Brandon M. Chasen, Sr., Member

## **CERTIFICATE OF SERVICE**

I certify that on April 1, 2025 a copy of the foregoing was served via ECF to all parties requesting notice thereby.

>/s/ *Brent C. Strickland*
>Brent C. Strickland

**<u>Attachment A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| CC 1400 ALICEANNA STREET LLC, | * | Case No.:  25-12153-NVA |
| Debtor. | * | Chapter 11 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**VERIFIED STATEMENT OF ATTORNEYS TO BE
EMPLOYED BY DEBTOR AND DEBTOR-IN-POSSESSION**

Brent C. Strickland and Whiteford, Taylor & Preston L.L.P. ("Whiteford"), as the proposed attorneys of CC 1400 Aliceanna Street LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, respectfully represent:

1. I am a partner with the firm Whiteford, Taylor & Preston L.L.P., with an office at 8830 Standford Boulevard, Suite 400, Columbia Maryland 21045, and have been duly admitted to practice law in Maryland and the United States District Court of Maryland. This verified statement is submitted in support of the *Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Attorneys for the Debtor and Debtor-in-Possession Effective as of the Petition Date* (the "Application").

2. Neither I, Whiteford, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain to a reasonable degree of certainty, has any interest adverse to the Debtor.

3. Whiteford is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in that Whiteford, its partners, counsel, and associates:

(a) Are not creditors, equity security holders, or insiders of the Debtor;

(b) Are not and were not within two (2) years before the date of filing of the Debtor's petition, a director, officer, or employee of the Debtor; and;

(c) Do not have an interest materially adverse to the interest of the Debtor's estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. *See* 11 U.S.C. § 101(14).

4. As of the filing of the Debtor's bankruptcy case, Whiteford was not owed any amounts from the Debtor for services provided and costs incurred up to the Petition Date. On or about March 4, 2025, Whiteford received a wire transfer in the amount of $25,000.00 from Harbor Management Group LLC, an affiliate of the Debtor (the "Retainer"). From the Retainer, Whiteford paid its fees in the amount of $19,548.00 and the filing fee for this case in the amount of $1,738.00. Whiteford is presently holding the remaining balance of the Retainer in the amount of $3,714.00. Whiteford will not draw from the Retainer until authorized to do so by order of the Court.

5. Whiteford has no connection with the Debtor or its creditors, any other party-in-interest in the Debtor's chapter 11 case, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described as follows:

2

(a) Whiteford has reviewed its conflicts database for any potential conflicts. Whiteford represents certain of the potential unsecured creditors of the Debtor in matters unrelated to the Debtor or its bankruptcy case. Whiteford currently represents BGE and Shepherd Electric Supply in matters unrelated to the Debtor.

(b) Additionally, Whiteford has an insurance-defense practice through which various insurance companies may occasionally retain Whiteford to defend insureds against third-party claims on matters unrelated to the Debtor or its bankruptcy proceedings, which insureds may happen to be unsecured creditors of the Debtor. However, Whiteford is not presently aware of any such client-creditor.

6. Whiteford will not be representing any creditors in any matter in the Debtor's reorganization proceeding. Moreover, other counsel for the Debtor, not Whiteford, will handle any matters in the Debtor's case that are directly adverse to any client of Whiteford. Again, no such other client-creditors have been identified to date.

7. As with any bankruptcy case, it is difficult to say with certainty that all material relationships have been discovered at the inception of this case. Accordingly, Whiteford will periodically update its conflicts database and, if any new material relationships are discovered, they will be disclosed in a supplemental filing with the Court.

8. Whiteford has advised the Debtor that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtor are:

| Professional | Rate Per Hour |
|---|---|
| Brent C. Strickland (Partner) | $725[1] |
| Brandy M. Rapp (Partner) | $650 |
| Kathleen McCruden (Paralegal) | $485 |

---

[1] Mr. Strickland's standard hourly rate is $850. Mr. Strickland has agreed to reduce his rate for this engagement to $725 per hour.

3

Other attorneys and paralegals will render services to the Debtor as needed. Generally, Whiteford's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Partners and Of Counsel | $395-$1,250 |
| Associates | $390-$555 |
| Legal Assistants/ Paralegals | $385-$485 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Appropriate supplementation of the requisite disclosure will be presented at that time.

9. The hourly rates set forth above are Whiteford's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Whiteford for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Whiteford's policy to charge its clients in all areas of practice for all other expenses incurred in connection with its case. The expenses charged to clients include, among other things, filing fees, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," and computerized research and transcription costs. Whiteford will charge for these expenses in a manner and at rates consistent with charges made generally to Whiteford's other clients. Whiteford believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

10. Whiteford, together with other professionals that may be employed by the Debtor in this chapter 11 case, and under the direction of the Debtor's management, will seek to provide professional services in the most efficient way possible and with a minimum of duplication.

11. No promises have been received by Whiteford nor by any partner, counsel, or associate thereof as to compensation in connection with this case other than in accordance with

4

the provisions of the Bankruptcy Code. Whiteford has no agreement with any other entity to share with such entity any compensation received by Whiteford in connection with this chapter 11 case.

I, Brent C. Strickland, a partner with Whiteford, Taylor & Preston L.L.P., declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 1, 2025

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 22704)
8830 Stanford Boulevard, Suite 400
Columbia, Maryland 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Proposed counsel to CC 1400 Aliceanna Street LLC, Debtor and Debtor-in-Possession*