**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | ) |
| | ) |
| CC 1400 ALICEANNA STREET LLC, | ) |
| | )      Case No. 25-12153-NVA |
| | )      (Chapter 11) |
|      Debtor. | ) |
| | ) |
| ———————————————— | ) |
| | ) |
| FIRST NATIONAL BANK OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
|      Movant, | ) |
| v. | ) |
| | ) |
| CC 1400 ALICEANNA STREET LLC, | ) |
| | ) |
|      Respondent. | ) |
| ———————————————— | ) |

**MOTION OF FIRST NATIONAL BANK OF PENNSYLVANIA
FOR RELIEF FROM THE AUTOMATIC STAY
AS TO REAL PROPERTY OWNED BY DEBTOR KNOWN AS 1400-1406 ALICEANNA
STREET, BALTIMORE, MARYLAND PURSUANT TO 11 U.S.C. § 362**

Movant, First National Bank of Pennsylvania ("**Lender**"), by and through its undersigned counsel, hereby files this Motion of First National Bank of Pennsylvania for Relief from the Automatic Stay as to Real Property Owned by Debtor Known as 1400-1406 Aliceanna Street, Baltimore, Maryland Pursuant to 11 U.S.C. § 362 (the "**Motion**") and moves, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(3) and Federal Rules of Bankruptcy Procedure 4001 and 9014, for the entry of an order granting the Lender relief from the automatic stay in this case so that the Lender can immediately exercise and enforce its rights and remedies against the Debtor, CC 1400 Aliceanna Street LLC (the "**Debtor**"), with respect to the Property and the other Collateral (as defined below), and in support hereof states as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     The statutory predicates for the relief requested herein are sections 362(d)(1) and (d)(3) of the United States Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

4.     On March 13, 2025 ("**Petition Date**"), the Debtor, a Maryland limited liability company, filed a Voluntary Petition for Relief under chapter 11 of the Bankruptcy Code.

5.     The Debtor's only asset is a partially constructed five-story mixed-use apartment and retail building owned by the Debtor and known as 1400-1406 Aliceanna Street, Baltimore, Maryland (having a tax account identification number of 03-07-1806-005) (the "**Property**").

6.     The Debtor filed this bankruptcy case to prevent the Lender from selling the Property at a foreclosure sale scheduled on March 14, 2025 in connection with a state court foreclosure action filed by the Lender against the Debtor in the Circuit Court for Baltimore City, Maryland, Case No. C-24-CV-24-004519 ("**Foreclosure Action**"), prior to the Petition Date.

7.     The Debtor's Property is "single asset real estate" as defined in 11 U.S.C. § 101(51B) that is subject to 11 U.S.C. § 362(d)(3).

8.     An unsecured creditors committee was appointed in this case on April 4, 2025 pursuant to 11 U.S.C. §1102  (Dkt. No. 23).

2

**The Loan and the Loan Documents**

9.      The Debtor is currently indebted to the Lender under and in connection with a $31,250,000.00   acquisition and construction loan ("**Loan**") that the Lender provided to the Debtor to acquire the Property and to construct a five-story mixed use building on the Property known as "The Anna" consisting of 100 apartments and retail space on the first floor (the "**Project**").

10.     The Loan is evidenced by, among other things, a Promissory Note dated January 6, 2022 executed and delivered by the Debtor to the order of the Lender in the principal amount of $31,250,000.00 ("**Note**") and a Building Loan Agreement dated January 6, 2022 executed by and between the Debtor and the Lender ("**Loan Agreement**")

11.     A true and accurate copy of the Note executed by the Debtor is attached hereto as **Exhibit 1** and incorporated herein by reference.

12.     A true and accurate copy of the Loan Agreement executed by the Debtor and the Lender is attached hereto as **Exhibit 2** and incorporated herein by reference.

13.     All indebtedness and amounts that are owed by the Debtor to the Lender under the Loan and the Note are secured by a first-priority duly perfected security interest and lien in, to and against the Property, all improvements, buildings, structures, machinery and fixtures locate on, attached to or affixed to the Property, all leases, rents, revenues, profits, benefits, accounts and proceeds arising from or relating to the Property, all equipment, building materials, general intangibles, investment property, deposit accounts, letter of credit rights, chattel paper and other personal property of the Debtor located on, arising from, relating to or used in connection with the Property and all contracts, subcontracts, contract rights, agreements, plans, specifications,

drawings, reports, warranties, permits, licenses, approvals, development rights and utility rights relating to the Property (collectively, the "**Collateral**"), pursuant to and as more particularly described in (i) a Deed of Trust, Security Agreement, Assignment of Leases and Rents and Financing Statement dated January 6, 2022 executed by the Debtor to the trustees named therein for the benefit of the Lender and recorded among the Land Records of Baltimore City, Maryland on April 14, 2022 at Book 24485, page 188 ("**Deed of Trust**"); (ii) an Assignment of Construction and Development Documents dated January 6, 2022 executed by the Debtor for the benefit of the Lender ("**Assignment**"), and (iii) a UCC financing statement filed by the Lender against the Debtor at the Maryland State Department of Assessments and Taxation on January 10, 2022 at File No. 220110-0945000 ("**Financing Statement**").

14.     A certified true and accurate copy of the Deed of Trust executed by the Debtor is attached hereto as **<u>Exhibit 3</u>** and incorporated herein by reference.

15.     A true and accurate copy of the Assignment executed by the Debtor is attached hereto as **<u>Exhibit 4</u>** and incorporated herein by reference.

16.     A true and accurate copy of the Financing Statement is attached hereto as **<u>Exhibit 5</u>** and incorporated herein by reference.

17.     The Note, the Loan Agreement, the Deed of Trust, the Assignment, the Financing Statement and all other loan documents that evidence, document and relate to the Loan are collectively referred to herein as the "**Loan Documents**."

**<u>Pre-Petition Defaults Under Loan</u>**

18.     Prior to the Petition Date, the Debtor defaulted under the Loan and the Loan Documents as a result of, among other things: (i) failing to make various monthly interest payments that were due under the Note, (ii) failing to pay all real estate taxes that were assessed against the Property by Baltimore City when due, (iii) failing to insure the Property as required by the terms of the Loan Documents, (iv) permitting the recordation of a junior deed of trust lien against the Property in favor of Family Pension Corp. 401K Plan without the consent of the Lender in violation of the terms of the Loan Agreement, (v) the Debtor's discontinuance of all construction work at the Project in violation of the terms of the Loan Agreement, and (vi)  the filing of various mechanic's lien actions and mechanic's lien against the Debtor and the Property by Southland Insulators of Maryland, Inc., Patriot Steel Fabrication, Inc., Ferguson Enterprises LLC and Duque Construction, LLC  against the Borrower and  the Property which were not discharged, satisfied or bonded within thirty (30) days after filing.

19.     As a result of the defaults existing under the Loan, the Lender, pursuant to the terms of the Loan Documents, sent the Debtor a letter dated November 20, 2024 pursuant to which the Lender accelerated all amounts owed under the Loan and demanded immediate payment of such amounts from the Debtor.

20.     Despite such demand, the Debtor failed to pay the Lender all amounts owed under the Loan and the Loan Documents.

21.     As of the Petition Date, the Debtor was in default under the Loan and the Loan Documents.

22.     All amounts owed under the Loan are immediately due and owing from the Debtor to the Lender.

## Foreclosure Action

23.     As a result of the defaults by the Debtor under the Loan and the Loan Documents, the Lender appointed David V. Fontana and Richard A. DuBose, III as Substitute Trustees under the Deed of Trust, and on December 13, 2024, filed an Order to Docket in the Circuit Court for Baltimore City, Maryland to commence the Foreclose Action against the Debtor and the Property pursuant to terms of the Deed of Trust and Maryland law.

24.     The foreclosure action is captioned as *David V. Fontana and Richard A. DuBose, III, Substitute Trustees v. CC 1400 Aliceanna Street LLC*, Circuit Court for Baltimore City, Maryland, Case No. C-24-CV-24-004519.

25.     A foreclosure sale of the Property was scheduled at 11:00 a.m. on March 14, 2025 in connection with the Foreclosure Action.

26.     The day before the scheduled foreclosure sale, the Debtor filed this bankruptcy case to stay the Lender's sale of the Property.

## Liens Against Property

27.     The Lender holds a first-priority lien against the Property pursuant to the Deed of Trust.

6

28.     As set forth in the Proof of Claim filed by the Lender in the Claim Registry in this case as Claim No. 3 (the "**Proof of Claim**"), the Lender's claim against the Debtor as of the Petition Date amounted to $29,643,846.01.

29.     The Lender's Proof of Claim is incorporated hereby by reference as if fully set forth herein. The Proof of Claim contains a detailed itemization of all amounts that were owed by the Debtor to the Lender under the Loan and the Loan Documents as of the Petition Date.

30.     Family Pension Corp. 401K Plan holds a second-priority lien against the Property pursuant to an Indemnity Deed of Trust, Assignment and Security Agreement dated August 6, 2024 from the Debtor to Family Pension Corp. 401K Plan in the amount of $11,900,000.00 and recorded among the Land Records of Baltimore City, Maryland on August 12, 2024 at Book 27124, page 118 ("**Second Lien**").

31.     According to the Schedule D filed by the Debtor in this case, the Debtor owed $7,560,000.00 under the Second Lien as of the Petition Date.

32.     The Second Lien was recorded by the Debtor and Family Pension Corp. 401K Plan against the Property in violation of the terms of the Deed of Trust and the Loan Agreement.

33.     Southland Insulators of Maryland, Inc. obtained a mechanic's lien and judgment against the Debtor and the Property on February 4, 2025 in the Circuit Court for Baltimore City, Maryland, Case No. C-24-CV-24-002637.

34.     According to the Proof of Claim filed by Southland Insulators of Maryland, Inc. in this case (Claim No. 2), its mechanic's lien against the Property amounted to $276,028.88 as of the Petition Date.

35.     Patriot Steel Fabrication, Inc. obtained a mechanic's lien and judgment against the Property on or about March 10, 2025  in the amount of $104,841.00 plus interest in the Circuit Court for Baltimore City, Maryland, Case No. C-24-CV-24-001132.

36.     Ferguson Enterprises, LLC filed a mechanic's lien action against the Debtor and the Property on November 19, 2024.

37.     According to the Schedule D filed by the Debtor in this case, the Debtor owed $70,658.89 to Ferguson Enterprises, LLC as of the Petition Date.

38.     Duque Construction, LLC, the primary contractor on the Project, filed a mechanic's lien action against the Debtor and the Property on December 11, 2024.

39.     According to the Schedule D filed by the Debtor in this case, the Debtor owed $905,186.57 to Duque Construction, LLC as of the Petition Date.

## RELIEF REQUESTED

40.     By this Motion, the Lender requests that this Court enter an Order terminating the automatic stay imposed by section 362(a) of the Bankruptcy Code in the Debtor's bankruptcy case to permit the Lender to immediately exercise and enforce any and all rights and remedies that the Lender has under or in connection with the Loan Documents and applicable state law with respect to the Property and the other Collateral, including without limitation, resuming all proceedings in the Foreclosure Action and foreclosing upon and selling the Property at a foreclosure sale and obtaining the appointment of a receiver for the Property and the other Collateral in connection with the Foreclosure Action.

## BASIS FOR REQUESTED RELIEF

41.     Pursuant to Sections 362(d)(1) and (d)(3) of the Bankruptcy Code, the Lender should be granted relief from the automatic stay to exercise its rights and remedies as a secured

creditor against the Collateral because the Lender's interest in the Property is not being adequately protected and because the Debtor cannot effectively reorganize or make any payments to the Lender.[1]

    **I.**    **Relief From The Automatic Stay Is Warranted Under Bankruptcy Code Section 362(d)(1) Because "Cause" Exists, Including On The Grounds That The Lender's Interest In The Property Is Not Being Adequately Protected.**

42.     Pursuant to Bankruptcy Code section 362(d), ". . . the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

43.     The Bankruptcy Code does not define "cause" for section 362(d) purposes, leaving bankruptcy courts to consider what constitutes cause based on the totality of the circumstances in each particular case.

44.     In this case, the Debtor bears the burden of proving that the Lender's interest in the Collateral is being adequately protected. 11 U.S.C. § 362(g)(2).

45.     The Debtor cannot provide adequate protection of the Lender's interest in the Property in this case.

46.     Therefore, this Court should grant the Lender relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code because Lender's interest in the Property as a secured creditor is not being, and cannot be, adequately protected by the Debtor.

---

[1] Relief from the automatic stay may also warranted in this case under section 362(d)(2) of the Bankruptcy Code. The Lender reserves its right to amend this motion or file a separate motion under 11 U.S.C. § 362(d)(2) once the Lender obtains discovery as the current value of the  Property and the amounts owed by the Debtor to junior lienholders that hold liens against the Property.

47.    For the reasons set forth below, it is clear that "cause" exists for relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

(a)    **The Debtor cannot pay real estate taxes assessed against the Property.**

48.    The Debtor failed to pay the real estate taxes that were assessed against the Property by Baltimore City in 2024.

49.    According to the Debtor's Schedule D filed in this case, as of the Petition Date, the past due real estate taxes owed by the Debtor to Baltimore City with respect to the Property was $59,126.05.

50.    The past due real estate taxes owed by the Debtor on the Property will continue to accrue interest and penalties and increase in amount.

51.    Additional real estate taxes will be assessed against the Property by Baltimore City, and will be owed by the Debtor, after the Petition Date.

52.    The Debtor has no income or assets to pay real estate taxes that have been assessed against the Property and that are hereafter assessed against the Property.

53.    The unpaid real estate taxes constitute a senior lien against the Property to the detriment of the Lender and its interest in the Property.

54.    As a result of the Debtor's inability to pay real estate taxes assessed against the Property, the Lender's interest in the Property is not adequately protected.

(b)    **The Debtor has not insured the Property.**

55.    The Debtor has allowed its insurance on the Property to lapse.

56.    The Debtor has no insurance on the Property.

10

57.     The Debtor has no income or assets to pay insurance premiums and costs necessary to obtain, and to maintain, insurance on the Property.

58.     The Debtor has no income or assets to be able to maintain insurance on the Property during the course of this bankruptcy proceeding.

59.     As a result of the Debtor's failure to insure the Property, the Lender's interest in the Property is not adequately protected.

**(c)     The Debtor has ceased all construction of the Project thereby causing the condition and value of the Property to deteriorate.**

60.     Prior to the Petition Date, the Debtor ceased all construction on the Project.

61.     The Property has been sitting idle, and no construction has been done on the Project, in more than eight (8) months.

62.     The Debtor has no ability to restart construction on the Project.

63.     The Debtor failed to pay various contractor and subcontractors that have performed work at the Project.

64.     The past due accounts payable owed by the Debtor to contractors and subcontractors that previously performed work at the Project is in excess of $2,000,000.00.

65.     As a result of the Debtor's failure to pay its accounts payable, several contractor and subcontractors have obtained mechanic's liens, or filed suit to obtain a mechanic's lien, against the Property.

66.     As a result of the Debtor's cessation of construction of the Project, the condition and value of the Property has deteriorated, and will continue to deteriorate.

67.     The Lender's interest in the Property is not adequately protected as a result of the Debtor's cessation of construction of the Project and the continued deterioration of the condition and value of the Property.

**(d)     This Debtor has no ability to make any payments to the Lender.**

68.     Prior to the Petition Date, the Debtor defaulted under the Loan by failing to make the monthly interest payments required under the Loan Documents.

69.     The Debtor has not made any payment to the Lender since September of 2024.

70.     As of the Petition Date, accrued and unpaid interest owed by the Debtor to the Lender under the Loan and the Loan Documents was $1,417,490.21.

71.     After the Petition Date, interest will accrue under the Note at the rate of $7,473.48 per day.

72.     The Debtor has no income or assets to make any post-petition interest payments to the Lender.

73.     For this reason, the Debtor cannot provide adequate protection to the Lender.

**(e)     The Debtor filed this case solely to stay the Lender's foreclosure sale of the Property.**

74.     Completion of the Project would require the Debtor to fund millions of dollars of additional construction costs and operational expenses.

75.     Prior to the Petition Date, the Debtor was unable to obtain funds necessary to complete the Project.

76.     The Debtor has no ability to fund completion of the Project.

77.     The Debtor filed this bankruptcy case on the eve of the foreclosure sale for the purpose of preventing the Lender from selling the Property.

78.     The Debtor filed this case solely to delay a sale of the Property by the Lender.

79.     The Debtor has no income, no assets other than the Property and no ability to reorganize.

80.     For all of the foregoing reasons, it is clear that the Lender's interest in the Property and the other Collateral is not being, and cannot be, adequately protected.

81.     Consequently, cause exists to terminate the automatic stay as to the Lender and the Collateral pursuant to 11 U.S.C. § 362(d)(1).

**II.     The Debtor cannot make interest payments to the Lender or propose a feasible plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.**

82.     The Property is single asset real estate as defined in 11 U.S.C. § 101(51B).

83.     The Debtor and the Property are subject to the provisions of 11 U.S.C. § 362(d)(3).

84.     11 U.S.C. § 362(d)(3) mandates that the automatic stay of 11 U.S.C. § 362(a) must be terminated as to the Lender and the Property unless within 90 days of the Petition Date, the Debtor commences making monthly interest payments to the Lender at the contract rate provided for in the Loan Documents or the Debtor files "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time." 11 U.S.C. § 362(d)(3).

85.     The Debtor has no income or ability to make any monthly interest payments to the Lender as required by 11 U.S.C. § 362(d)(3).

86.     The Debtor cannot file a plan of reorganization that has "a reasonable possibility of being confirmed within a reasonable time" as required by 11 U.S.C. § 362(d)(3).

87.     The Debtor is unable to comply with the requirements of 11 U.S.C. § 362(d)(3).

88.     For this reason, the automatic stay of 11 U.S.C. § 362(a) must be terminated as to the Property and the Lender pursuant to 11 U.S.C. § 362(d)(3).

**Request Pursuant to Bankruptcy Rule 4001(a)(3)**

89.     Given the need to immediately preserve the Property, the Lender seeks relief from the fourteen (14) day stay of any order granting the relief requested in this Motion pursuant to Bankruptcy Rule 4001(a)(3), and requests that any order granting the relief requested in this Motion be effective immediately upon entry thereof.

**Notice of the Motion**

90.     In accordance with Bankruptcy Rule 4001(a), notice of this Motion has been given to the Debtor, all scheduled creditors holding a lien against the Property and the members of the unsecured creditors committee appointed in this case pursuant to 11 U.S.C. § 1102.

WHEREFORE, the Lender respectfully requests that this Court enter an Order:

(a)     granting this Motion and all relief requested by the Lender herein;

(b)     terminating the automatic stay imposed by 11 U.S.C. § 362(a) in the Debtor's bankruptcy case to permit the Lender to immediately exercise and enforce all of its rights and remedies against the Debtor under or in connection with the Loan Documents and applicable Maryland state law with respect to the Property and the other Collateral, including, without limitation, (i) resuming and pursuing all proceedings in the state court foreclosure action pending in the Circuit Court for Baltimore City, Maryland captioned as *David V. Fontana and Richard A.*

14

*DuBose, III, Substitute Trustees v. CC 1400 Aliceanna Street LLC*, Case No. C-24-CV-24-004519, (ii) foreclosing upon and selling the Property and the other Collateral in accordance with applicable state law and applying any proceeds from the sale of the Property and the Collateral to reduce the indebtedness that is owed by the Debtor to the Lender under the Loan and the Loan Documents, and (iii) obtaining the appointment of a receiver for the Property and the other Collateral in connection with the Foreclosure Action;

(c)    directing that the fourteen (14) day stay of Bankruptcy Rule 4001(a)(3) shall not apply to any order granting the relief requested in this Motion; and

(d)    granting such other and further relief and adequate protection in favor of the Lender that the Court deems just and proper.

Respectfully submitted,

*/s/ David V. Fontana, Esquire*
David V. Fontana, Esq. (Bar No. 23563)
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland  21202
Tel: (410) 385-5053
E-mail: dfont@gebsmith.com
*Attorneys for Movant,*
*First National Bank of Pennsylvania*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion of First National Bank of Pennsylvania for Relief from the Automatic Stay as to Real Property Owned by Debtor and Generally Known as 1400-1406 Aliceanna Street, Baltimore, Maryland Pursuant to 11 U.S.C. § 362 will be served electronically on all creditors and parties who have requested

15

electronic notice pursuant to the Court's CM/ECF system in this bankruptcy case, including on the following:

Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net
Aaron L. Casagrande aaron.casagrande@icemiller.com

Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com
Brent C. Strickland bstrickland@wtplaw.com, mbaum@wtplaw.com, brent-strickland-3227@ecf.pacerpro.com
US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV
Gerard R. Vetter gerard.r.vetter@usdoj.gov
Jung Yong Lee jlee@tydings.com, mhickman@tydings.com
Richard L. Costella rcostella@tydings.com, scalloway@tydings.com


I HEREBY FURTHER CERTIFY that on this 7th day of April, 2025, I did serve a copy of the foregoing Motion of First National Bank of Pennsylvania for Relief from the Automatic Stay as to Real Property Owned by Debtor and Generally Known as 1400-1406 Aliceanna Street, Baltimore, Maryland Pursuant to 11 U.S.C. § 362 by first class mail, postage prepaid, on the Debtor and its counsel, all parties having a scheduled lien against the property that is the subject of the motion, all members of the Official Committee of Unsecured Creditors of CC 1400 Aliceanna Street LLC appointed in this case pursuant to 11 U.S.C. § 1102, and all parties that have filed a request for notice in this case at the following addresses:

Brent C. Strickland, Esq.
Whiteford Taylor & Preston L.L.P.,
8830 Stanford Boulevard, Suite 400
Columbia, MD 21045
*Counsel for Debtor*

CC 1400 Aliceanna Street LLC
12 W. Montgomery Street
Baltimore, MD 21230
Attn: Brandon Chasen, Sr.,
Managing Manager
*Debtor*

Gerard R. Vetter, Esq.,
U.S. Department of Justice
101 West Lombard Street, Suite 2625
Baltimore, MD 21201
*Counsel for U.S. Trustee's Office*

Adam M. Freiman, Esq.
Law Office of Adam M. Freiman, P.C.
115 McHenry Avenue, Suite B4
Pikesville, MD 21208
*Counsel for Braden Chasen*

16

Office of the United States Trustee
Garmatz Federal Courthouse
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Jill D. Caravaggio, Esq.
Law Office of Jill D. Caravaggio
Westview Village Professional Park
5100 Buckeystown  Pike, Suite 250
Frederick, MD 21704
*counsel for Ferguson Enterprises, LLC*

Jackson S. Nichols, Esq
Cohen, Seglias, Pallas, Greenhall & Furman P.C.
900 Seventh Street, N.W., Suite 725
Washington, DC 20001
*counsel for Patriot Steel Fabrication, Inc.*

Patriot Steel Fabrication, Inc.
1959 Church Creek Road
Church Creek, MD 21622

SFO Ventures, LLC
c/o David Schwinger
2519 P Street, N.W.
Washington, DC 20007
*Member of Unsecured Creditors Committee*

Richard L. Costella, Esq.
Jung Yong Lee, Esq.
Tydings & Rosenberg LLP
1 E. Pratt Street, Suite 901,
Baltimore, MD 21202
*counsel for SFO Ventures, LLC*

Edwin Bradley
600 Wood Glenn Court
Timonium, MD 21093
*Member of Unsecured Creditors Committee*

Aaron L. Casagrande, Esq.
Ice Miller LLP
100 Light Street, Suite 1350
Baltimore, MD 21202
*counsel for Family Pension Corp. 401(k)
and the Renee Honig 2019 Irrevocable
Trust
 U/A DTD 07/09/219*

Shawn C. Whittaker, Esq.
Whittaker Myers, P.C.
1401 Rockville Pike, Suite 510
Rockville, MD 20852
*counsel for Southland Insulators of
Maryland, Inc.*

Southland Insulators of Maryland, Inc.
729 Miner Road
Highland Heights, OH 44143

Philip M. Wright, Esq.
Anderson & Quinn LLC
25 Wood Lane
Rockville, MD 20850
*counsel for Duque Construction, LLC*

Duque Construction LLC
777 Briggs Chaney Road
Silver Spring MD 20905

Mark A. Simanowith, Esq.
Saul Ewing LLP, 1001 Fleet Street, 9th
Floor
Baltimore, Maryland 21202
*counsel for Chasen Construction LLC*

Baltimore City
Bureau of Revenue Collections
200 Holiday Street
Baltimore, MD 21202

17

_/s/ David V. Fontana, Esq._____
David V. Fontana, Esq.