# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>**CC 1400 ALICEANNA STREET LLC**<br><br>Debtor | Bankruptcy Case: 25-12153-NVA<br><br>Chapter 11 |

## THE UNITED STATES TRUSTEE'S MOTION TO CONVERT, OR, IN THE ALTERNATIVE, DISMISS CASE

Matthew W. Cheney, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting this case to a case under chapter 7, or, in the alternative, dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

### Facts and Background

1. On March 13, 2025, Debtor, CC 1400 Aliceanna Street LLC ("Debtor"), commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Debtor is the owner of real property located at 1400 Aliceanna Street in Baltimore City, Maryland (the "Property"). According to Debtor's Schedules, the Property has a value of $40.5 million. (Doc. 15, p. 4, Question 55).

3. Debtor's principal, Brandon M. Chasen, Sr. ("Mr. Chasen"), participated in an Initial Debtor Interview ("IDI") with representatives of the United States Trustee on April 1, 2025. At the IDI, Mr. Chasen advised that the only insurance covering the Property was "forced-place" insurance protecting the interest of First National Bank of Pennsylvania ("the Bank"), which is secured by a consensual lien against the Property. At the IDI, Mr. Chasen also advised that the Property is a vacant, not fully completed commercial building.

4. In its Motion for Relief from Stay (Doc. 24), the Bank alleges in Paragraph 56 that "Debtor has no insurance on the Property".

5. As described more fully below, cause exists pursuant to 11 U.S.C. § 1112(b) for the conversion or dismissal of this case.

**Argument**

6. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011).

7. Which action should be taken is determined by the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1). The Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

8. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid dismissal or the appointment of a trustee only by showing:

    i. "unusual circumstances establishing that dismissing the

        case is not in the best interests of creditors and the estate";

   ii.    a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

   iii.    the grounds for dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

    9.    The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

## Failure to Maintain Insurance

    10.    11 U.S.C. § 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" constitutes "cause."

    11.    "[C]ourts have consistently interpreted § 1112(b)(4)(C) as requiring the *debtor* to 'maintain appropriate insurance' to protect the estate and the public". *Willner v. Fitzgerald*, No. 1:22-cv-486-MSN-JFA, 2023 WL 2422431 at *4 (E.D. Va. Feb. 7, 2023). "When a debtor owns real property with structures . . . § 1112(b)(4)(C) requires that the

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

debtor maintain casualty and liability insurance to protect the estate and the public." *In re Delta AG Grp.*, *LLC*, 596 B.R. 186, 196 (Bankr. W.D. La. 2019) and *In re Pure Repair and Trucking LLC*, 658 B.R. 895, 905 (Bankr. S.D. Ohio 2024); *see also Dickey v. Harrington*, 559 B.R. 547, 550 (D. Mass. 2016) (holding that a debtor having mere "forced-place" hazard insurance and no liability insurance on real property is insufficient and constitutes cause under Section 1112(b)(4)(C)); *In re Sanders*, No. 09-09094-DD, 2010 WL 5136192, at *5 (Bankr. D.S.C. Apr. 29, 2010) ("[D]ebtor testified that he has no insurance on the real property but relies on the secured creditors maintaining force placed insurance[; s]uch insurance generally protects the interest of lien-holders but not the interests of the debtor or the bankruptcy estate.").

12. Debtor's failure to maintain appropriate insurance exposes the bankruptcy estate to potential liability and exposes invitees and the public to the potential for uncompensated dangers and injuries, especially given the Property's status as a vacant, partially completed commercial property.

**Local Rule 9013-2 Statement**

13. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

- 5 -

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

                                                Respectfully submitted,

Dated: April 10, 2025               Matthew W. Cheney
                                         Acting United States Trustee for Region Four

                                          By: */s/ Gerard R. Vetter*
                                          Gerard R. Vetter
                                          Fed. Bar No.: 08521
                                          United States Department of Justice
                                          101 West Lombard Street, Suite 2625
                                          Baltimore, Maryland 21201
                                          (410) 962-4300
                                          E-mail: gerard.r.vetter@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on April 10, 2025, a copy of the foregoing Motion was sent via first class mail, postage prepaid, to:

CC 1400 Aliceanna Street LLC
12 W. Montgomery Street
Baltimore, MD 21230

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- Jill D. Caravaggio jill@jill-lawoffice.net,  paralegal@jill-lawoffice.net
- Aaron L. Casagrande aaron.casagrande@icemiller.com
- Richard L. Costella rcostella@tydings.com, scalloway@tydings.com
- David V. Fontana dfont@gebsmith.com
- Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com
- Jung Yong Lee jlee@tydings.com , mhickman@tydings.com
- Brent C. Strickland bstrickland@wtplaw.com, mbaum@wtplaw.com; brent-strickland-3227@ecf.pacerpro.com

           */s/ Gerard R. Vetter*
           Gerard R. Vetter