IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| CC 1400 ALICEANNA STREET LLC, ) | |
| ) | Case No. 25-12153-NVA |
| ) | (Chapter 11) |
| Debtor. ) | |
| ) | Related to Docket No. 27 |

### REPONSE OF FIRST NATIONAL BANK OF PENNSYLVANIA TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT, OR, IN THE ALTERNATIVE, DISMISS CASE

First National Bank of Pennsylvania ("**FNB**"), by its undersigned counsel, hereby files this Response to the United States Trustee's Motion to Convert, or in the Alternative, Dismiss Case (Docket No. 27) ("**Motion**"), and for its reasons states as follows:

### INTRODUCTION

1. The Motion seeks to convert the chapter 11 case of CC 1400 Aliceanna Street LLC ("**Debtor**") to a chapter 7 case, or alternatively to dismiss the Debtor's case, because the Debtor is unable to insure the value of its sole asset – a partially constructed and vacant five story apartment building in Baltimore City. The Debtor has no income and no construction has occurred on the project in over eight (8) months.

2. FNB holds a first-priority lien against the property. The Debtor filed this bankruptcy case on the eve of FNB's scheduled foreclosure sale of the property. FNB is by far the Debtor's largest creditor.

3. On April 7, 2025, FNB filed a motion (Docket No. 26) seeking relief from the automatic stay so it could continue its foreclosure of the property. For the reasons set forth below, pursuant to 11 U.S.C. §§ 1112(b), 349(a), 105(a) and 109(g), the Debtor's chapter 11 case

should be dismissed with prejudice so that the Debtor cannot refile another bankruptcy petition for at least 180 days to permit FNB to preserve and sell the property, or, in the alternative, the Debtor's chapter 11 case should be converted to a chapter 7 case.

## BACKGROUND

4. The Debtor's only asset is a partially constructed five-story mixed-use apartment and retail building known as 1400-1406 Aliceanna Street, Baltimore, Maryland ("**Property**").

5. The Debtor is indebted to FNB in connection with a $31,250,000 acquisition and construction loan ("**Loan**") that FNB provided to the Debtor to acquire the Property and to construct a five-story mixed use building on the Property known as "The Anna" consisting of 100 apartments and retail space on the first floor (the "**Project**").

6. The Debtor filed this bankruptcy case on March 13, 2025 ("**Petition Date**") to prevent FNB from selling the Property at a foreclosure sale that was scheduled on March 14, 2025 in connection with a state court foreclosure action filed by FNB in the Circuit Court for Baltimore City, Maryland, Case No. C-24-CV-24-004519.

7. A two (2) member unsecured creditors committee was appointed in this case on April 4, 2025 pursuant to 11 U.S.C. §1102 (Dkt. No. 23).

8. As set forth in the Order Determining That Debtor's Property Constitutes Single Asset Real Estate That Is Subject to 11 U.S.C. § 362(d)(3) (Docket No. 26) entered by this Court on April 9, 2025, the Debtor's Property is "single asset real estate" that is subject to 11 U.S.C. § 362(d)(3).

9. All amounts owed by the Debtor to FNB under the Loan are secured by a first-priority deed of trust lien against the Property and all assets of the Debtor relating to the Property

as more particularly set forth in the Proof of Claim filed by FNB in this case on April 4, 2025 as Claim No. 3 ("**FNB Proof of Claim**"). The FNB Proof of Claim, and the loan documents attached thereto relating to the Loan, are incorporated herein by reference.

10. As set forth in the FNB Proof of Claim, as of the Petition Date, FNB's secured claim against the Debtor was $29,643,846.01, plus post-petition fees and interest that continues to accrue under the Loan at the default interest rate of 9.61471% or $7,473.48 per day.

11. In addition to FNB's lien, the Property is allegedly encumbered by:

> (i) unpaid real estate taxes and assessments owed by the Debtor to Baltimore City of $349,729.70, $3,892.77 and $1,590.45 (*see* Proof of Claim Nos. 4, 5 and 6 filed by Baltimore City);
>
> (ii) a second deed of trust lien in favor of Family Pension Corp. 401K Plan in the amount of at least $7,560,000.00 (*see* Schedule D filed by the Debtor);
>
> (iii) a mechanic's lien in the amount of $276,028.88 in favor of Southland Insulators of Maryland, Inc. (see Proof of Claim No. 2 filed by Southland Insulators of Maryland, Inc.);
>
> (iv) a mechanic's lien of $70,658.89 in favor of Ferguson Enterprises, LLC (*see* Debtor's Schedule D); and
>
> (v) a mechanic's lien of $104,841.00 in favor of Patriot Steel Fabrication, Inc. (*see* Debtor's Schedule D).

12. The aggregate liens against the Property as of the Petition Date were at least $38,010,587.70.

13. The Debtor has scheduled the value of the Property at $40,500,000 (see Schedule A filed by the Debtor).

14. The Debtor has no income and no asset other than the Property.

15. The Debtor's managing member testified at the first meeting of creditors that no construction has occurred at the Project since July or August of 2024.

16. Given that the Project has set idle for over eight (8) months, it is highly unlikely that the Property has a value of $40,500,000 or that the Debtor has any equity in the Property.

17. By the Debtor's account, completion of the Project would require at least $6,000,000 to $8,000,000.

18. The Debtor has no income or assets to pay real estate taxes that continue to accrue against the Property on a senior lien basis, to pay post-petition interest on FNB's secured claim that accrues at approximately $143,341.00 per month at the contract interest rate under the Loan, or to fund millions of dollars of costs and expenses that are necessary to complete the Project.[1]

19. On April 7, 2025, FNB filed a Motion of First National Bank of Pennsylvania for Relief from the Automatic Stay as to Real Property Owned by Debtor Known as 1400-1406 Aliceanna Street, Baltimore, Maryland Pursuant to 11 U.S.C. § 362 (Docket No. 24).

## ARGUMENT

**I.     CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE.**

Section 1112(b) of the Bankruptcy Code provides that, on request of a party in interest, the court shall convert a case under chapter 11 to a case under chapter 7 or dismiss the case, whichever is in the best interest of creditors of the estate, for "cause." Section 1112(b)(4) enumerates certain events that constitute "cause" for dismissal or conversion.

   **(a)     Cause exists under Section 1112(b)(4)(C).**

11 U.S.C. § 1112(b)(4)(C) provides that cause exists to dismiss or convert a chapter 11 case for "failure to maintain appropriate insurance that poses a risk to the estate or to the public." In order to comply with its obligation to maintain "appropriate insurance" to protect the estate,

---

[1] As of the Petition Date, the contract interest rate under the Loan was 6.61471%.

the Debtor must maintain property and casualty insurance in an amount that is at least equal to the value of the Property. *See In re M.A.R. Designs & Construction, Inc*., 653 B.R. 843, 861 (Bankr. S.D. Tx. 2023)("When a debtor owns real property with structures, § 1112(b)(4)(C) requires that the debtor maintain casualty and liability insurance to protect the estate and the public."); *In re Van Eck*, 425 B.R. 54, 61 (Bankr. D.Conn. 2010)("The Debtor must maintain property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss."). The debtor's inability to pay is not an excuse to not maintain appropriate insurance. *In re M.A.R. Designs & Construction, Inc*., 653 B.R. at 861-862.

The managing member of the Debtor testified at the first meeting of creditors that the Debtor's property insurance on the Property lapsed months before the Petition Date. As of the Petition Date, the Debtor had no property insurance on the Property. The Debtor's counsel recently produced a "binder" which appears to be an application by the Debtor to obtain $20,000,000 of property insurance on the Property and $2,000,000 of liability insurance. The Debtor has not produced an insurance policy that would evidence that it has property and casualty insurance that is in effect and that provides insurance coverage for the full value of the Property. Even if the Debtor obtains $20,000,000 of property insurance, such insurance would not adequately protect FNB or the estate as a substantial portion of the value of the Property would remain uninsured and at material risk of loss.

The Debtor has not, and cannot, obtain and maintain appropriate property and casualty insurance on the Property to protect FNB and the estate. Consequently, cause exists to dismiss or convert the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1112(b)(4)(C). *See In re M.A.R. Designs & Construction, Inc*., 653 B.R. at 861-862 (finding cause to exist under 11 U.S.C. §

1112(b)(4)(C) where the debtor failed to maintain insurance on its real property); *In re Van Eck*, 425 B.R. at 61 (Bankr. D.Conn. 2010)(finding cause to exist under 11 U.S.C. § 1112(b)(4)(C) where the debtor failed to maintain insurance on its real property); *Willner v. Fitzgerald*, 2023 WL 2422431, *5 (E.D.Va. February 7, 2023)(dismissing chapter 11 case for cause where debtor failed to provide property insurance); *In re Gilroy*, 2008 WL 4531982, *5 (1st Cir. August 4, 2008)(finding cause to exist under 11 U.S.C. § 1112(b)(4)(C) where the debtor could not provide proof of insurance to insure condo units).

   **(b) The Debtor filed this case on the eve of foreclosure to prevent FNB from selling the Property.**

  The filing of a bankruptcy case in bad faith constitutes "cause" for dismissal even though bad faith filing is not one of the enumerated causes under 11 U.S.C. § 1112(b)(4). *In re Franklin Mort. & Inv. Co., Inc.,* 143 B.R. 295, 302-303 (Bankr. D.C. 1992); s*ee also, Carolin Corp. v. Miller*, 886 F.2d 693, 698 (4th Cir. 1989). Bad faith may be inferred from the surrounding circumstances. *In re Franklin Mort. & Inv. Co., Inc.,* 143 B.R. at 299. "[I]f it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist." *Id.* Bad faith may be found were the debtor abuses the bankruptcy protections afforded by chapter 11 of the Bankruptcy Code without any real intent to reorganize and to cause hardship or delay to creditors. *Carolin,* 886 F.2d. at 702-706.

  The Debtor filed this case on the eve of the foreclosure sale for the sole purpose of preventing FNB from selling the Property. The timing of the Debtor's filing evidences an intent to delay and frustrate the legitimate efforts of FNB to enforce its rights as a secured creditor against the Property. The Debtor has no prospect of making any post-petition payments to FNB

as required by 11 U.S.C. § 362(d)(3), being able to fund the millions of dollars necessary to complete the Project or reorganizing. Accordingly, cause exists under 11 U.S.C. § 1112(b) to dismiss or convert the Debtor's chapter 11 bankruptcy case. *See generally, Pleasant Pointe Apartments, Ltd. v. Kentucky Housing Corp.*, 139 B.R. 828, 832 (Bankr. W.D. Ky. 1992)(dismissing chapter 11 case filed in bad faith to delay secured creditor's foreclosure of debtor's single asset real estate).

**II.   THE DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED WITH PREJUDICE.**

   **(a)   Cause exists under Section 349(a) of the Bankruptcy Code to dismiss this case with prejudice.**

Section 349(a) of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise" the dismissal of a bankruptcy case does not prejudice the debtor from filing a subsequent petition under the Bankruptcy Code. 11 U.S.C. § 349(a).  Section 349 of the Bankruptcy Code "clearly affords a bankruptcy court the discretionary power to determine that there is cause for a dismissal with prejudice." *In re McKissie*, 103 B.R. 189, 193 (Bankr. N.D.Ill. 1989); *In re Tomlin*, 105 F.3d 933, 937-939 (4th Cir. 1997);  *see* also *In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998)(Section 349(a) provides the bankruptcy court with broad discretion to dismiss a petition with prejudice and preclude the debtor from re-filing another petition for a specified period of time);  *In re Lucabaugh*, 2001 W.L. 997416, p. *4 (E.D. Pa. June 26, 2001); ("…section 349(a) of Title 11 permits the dismissal of a case with prejudice to the refiling of a subsequent petition where the court finds cause.").

If the Debtor's bankruptcy case were to be dismissed without prejudice, the Debtor can simply file another bankruptcy case to stay FNB's foreclosure of the Property. For the reasons

set forth above, cause exists for this Court to exercise its discretion under Sections 349(a) to dismiss the Debtor's bankruptcy case with prejudice. *See generally, In re Casse,* 198 F.3d 327, 335-339 (2nd Cir. 1999)(a bankruptcy court has the authority under Sections 349(a) and 105(a) of the Bankruptcy Code to dismiss with prejudice a bankruptcy case that was filed in bad faith and to prohibit or enjoin the re-filing of another bankruptcy case); *In re 2218 Bluebird Limited Partnership*, 41 B.R. 540, 546 (Bankr. S.D. Cal. 1984)(dismissing chapter 11 case and prohibiting debtor from re-filing for 180 days where debtor filed bankruptcy case to stay a foreclosure sale without any intent to reorganize).

> **(b)** **This court has inherent power under Section 105 of the Bankruptcy Code to dismiss this case with prejudice to prevent an abuse of process.**

In addition, Section 105(a) of the Bankruptcy Code specifically authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105 further provides that: "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

A dismissal which permits the Debtor to be able to file a second bankruptcy case to stay FNB's foreclosure of the Property would be an abuse of the bankruptcy process. Therefore, this Court should exercise its inherent power to dismiss this case with prejudice to avoid an abuse of process. See generally, *In re Small*, 38 B.R. 143, 147 (Bankr. D.Md. 1984)("The bankruptcy court is possessed of both inherent powers and those conferred upon it by 11 U.S.C. § 105 which

may be utilized to neutralize inequitable conduct which works a hardship upon parties to a proceeding.").

### (c) The Debtor should be barred from refiling another bankruptcy case for at least one hundred and eighty (180) days.

Section 109(g) of the Bankruptcy Code provides that "no individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the proceeding 180 days if – (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." 11 U.S.C. § 109(g)(1)&(2).

Prior to the filing of the Motion by the United States Trustee, FNB filed a motion for relief from the automatic stay in this case so that it can resume the state court foreclosure proceeding and preserve and sell the Property. There is considerable risk in this case of a second filing by the Debtor to further frustrate FNB's attempt to preserve and sell the Property. FNB should not be forced to bear the delay and expense of another bankruptcy case where the Debtor is "dead in the water," unable to adequately protect FNB and the estate, and unable to complete the Project and reorganize.

Therefore, if this case is dismissed, the Debtor should be barred from re-filing another bankruptcy case for at least one hundred and eight (180) days to allow FNB sufficient time to exercise its state court rights and remedies to preserve and sell the Property.[2] *See generally, In re*

---

[2] Bankruptcy courts have the authority to bar a debtor from refiling a second bankruptcy case for more than 180 days. *See generally, In re Hieter*, 414 B.R. 665, 674 (Bankr. D.Idaho 2009) (thirteen

9

*Casse*, 219 B.R. 657, 664 (Bankr. E.D.N.Y. 1998), *aff'd*, 198 F.3d 327 (2nd Cir. 1999) (dismissal with prejudice was for the purpose of allowing secured creditor to complete foreclosure proceedings).

**III.   Alternatively, if this case is not dismissed with prejudice, it is in the best interest of creditors and the estate to convert the Debtor's chapter 11 case to a chapter 7 case.**

If this Court is not inclined to dismiss this case with prejudice, then it is in the best interest of FNB and the estate that this case be converted to a chapter 7 case pursuant to 11 U.S.C. § 1112(b). A motion filed under 11 U.S.C. § 1112(b) invokes a two step analysis, first to determine whether "cause" exists to convert or dismiss the chapter 11 case, and second to determine which option is in the best interest of creditors and the estate. *In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994). Whether to convert or dismiss a bankruptcy case is within the discretion of the bankruptcy court. *Id.* at 242. The bankruptcy court "must ascertain the impact on the creditors and on the estate of each of the options." *Id*. at 243. The debtor's interest in conversion or dismissal is not part of the analysis. *Lakefront Investors LLC v. Clarkson*, 484 B.R. 72, 84-85 (Bankr. Md. 2012).

Conversion of this case to a chapter 7 case would prevent the Debtor from abusing the chapter 11 bankruptcy process by filing a second bankruptcy case to further frustrate FNB's rights as a secured creditor. For this reason, it is in the best interest of FNB, the Debtor's largest

---

month bar); *In re Craighead*, 377 B.R. 648, 659 (Bankr. N.D.Cal. 2007)(three year bar); *In re Rusher*, 283 B.R. 544, 549 (Bankr. W.D.Mo. 2002)(three year bar); *In re Weaver*, 222 B.R. 521 (Bankr. E.D. Va. 1998)(twelve month bar); *In re Herrera*, 194 B.R. 178, 189-90 (Bankr. N.D. Ill. 1996) (twelve month bar); *In re Robertson*, 206 B.R. 826, 830-31 (Bankr. E.D.Va. 1996)(417 day bar); *In re Gross*, 173 B.R. 774, 777 (Bankr. M.D.Fla. 1994) (two year bar); *In re Stathatos*, 163 B.R. 83, 87-88 (N.D.Tex. 1993)(two year bar); *In re Lerch*, 94 B.R. 998, 1002 (N.D.Ill. 1989)(two year bar).

creditor, and the estate to convert this case to a chapter 7 case. *See In re Staff Inv. Co.*, 146 B.R. 256, 260-261 (Bankr. E.D.Cal. 1993)(determining that it was in the best interest of the debtor's largest creditor to convert debtor's chapter 11 case rather than to dismiss the case where the secured creditor had obtained relief from the automatic stay to proceed with its state court foreclosure remedies).

WHEREFORE, First National Bank of Pennsylvania respectfully requests that this Court enter an order:

(a)     granting the Motion of the United States Trustee;

(b)     dismissing the Debtor's chapter 11 case with prejudice and prohibiting and enjoining the Debtor, and any creditor of the Debtor, from filing another voluntary or involuntary bankruptcy petition for the Debtor for at least one hundred and eighty (180) days after the dismissal or, alternatively, converting the Debtor's chapter 11 case to a chapter 7 case; and

(c)     granting FNB such relief as may be necessary and just in this case.

Respectfully submitted,

*/s/ David V. Fontana, Esquire*
David V. Fontana, Esq. (23563)
Keith M. Lusby, Esq.
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland  21202
Tel: (410) 385-5053
E-mail: dfont@gebsmith.com
*Attorneys for First National Bank of Pennsylvania*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Response of First National Bank of Pennsylvania to the United States Trustee's Motion to Convert, or in the Alternative Dismiss Case will be served electronically on all creditors and parties who have requested electronic notice pursuant to the Court's CM/ECF system in this bankruptcy case, including on the following:

Jill D. Caravaggio jill@jill-lawoffice.net, paralegal@jill-lawoffice.net
Aaron L. Casagrande aaron.casagrande@icemiller.com
Adam M. Freiman adam@pikesvillelaw.com, r54650@notify.bestcase.com
Brent C. Strickland bstrickland@wtplaw.com, mbaum@wtplaw.com, brent-strickland-3227@ecf.pacerpro.com
US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV
Gerard R. Vetter gerard.r.vetter@usdoj.gov
Jung Yong Lee jlee@tydings.com, mhickman@tydings.com
Richard L. Costella rcostella@tydings.com, scalloway@tydings.com

I HEREBY FURTHER CERTIFY that on this 23rd day of April, 2025, I did serve a copy of the foregoing Response of First National Bank of Pennsylvania to the United States Trustee's Motion to Convert, or in the Alternative Dismiss Case by first class mail, postage prepaid, on the following parties at the following addresses:

| | |
|---|---|
| Brent C. Strickland, Esq. <br> Whiteford Taylor & Preston L.L.P., <br> 8830 Stanford Boulevard, Suite 400 <br> Columbia, MD 21045 <br> *Counsel for Debtor* | Gerard R. Vetter, Esq., <br> U.S. Department of Justice <br> 101 West Lombard Street, Suite 2625 <br> Baltimore, MD 21201 <br> *Counsel for U.S. Trustee's Office* |
| Office of the United States Trustee <br> Garmatz Federal Courthouse <br> 101 West Lombard Street, Suite 2625 <br> Baltimore, MD 21201 | Adam M. Freiman, Esq. <br> Law Office of Adam M. Freiman, P.C. <br> 115 McHenry Avenue, Suite B4 <br> Pikesville, MD 21208 <br> *Counsel for Braden Chasen* |

Jill D. Caravaggio, Esq.
Law Office of Jill D. Caravaggio
Westview Village Professional Park
5100 Buckeystown Pike, Suite 250
Frederick, MD 21704
*counsel for Ferguson Enterprises, LLC*

Jackson S. Nichols, Esq
Cohen, Seglias, Pallas, Greenhall & Furman P.C.
900 Seventh Street, N.W., Suite 725
Washington, DC 20001
*counsel for Patriot Steel Fabrication, Inc.*

SFO Ventures, LLC
c/o David Schwinger
2519 P Street, N.W.
Washington, DC 20007
*Member of Unsecured Creditors Committee*

Richard L. Costella, Esq.
Jung Yong Lee, Esq.
Tydings & Rosenberg LLP
1 E. Pratt Street, Suite 901,
Baltimore, MD 21202
*Counsel for SFO Ventures, LLC*

Edwin Bradley
600 Wood Glenn Court
Timonium, MD 21093
*Member of Unsecured Creditors Committee*

Aaron L. Casagrande, Esq.
Ice Miller LLP
100 Light Street, Suite 1350
Baltimore, MD 21202
*counsel for Family Pension Corp. 401(k) and the Renee Honig 2019 Irrevocable Trust U/A DTD 07/09/219*

Shawn C. Whittaker, Esq.
Whittaker Myers, P.C.
1401 Rockville Pike, Suite 510
Rockville, MD 20852
*counsel for Southland Insulators of Maryland, Inc.*

Mark A. Simanowith, Esq.
Saul Ewing LLP, 1001 Fleet Street
9th Floor
Baltimore, Maryland 21202
*counsel for Chasen Construction LLC*

Baltimore City
Bureau of Revenue Collections
200 Holiday Street
Baltimore, MD 21202

       */s/ David V. Fontana, Esq.*
       David V. Fontana, Esq.